## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CHANDRA COOK on behalf of all
others similarly situated,

       **Plaintiff,**

    **v.**

S.G.T., INC. d/b/a PLEASERS;
DARIUS MITCHELL and PAUL
HICKS,

       **Defendants.**

**CIVIL ACTION NO.:
1:13-cv-3518-RWS**

## DEFENDANT SGT, INC.'s ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Defendant SGT, INC. d/b/a Pleasers ("Defendant SGT"), in the above-styled matter, by and through its undersigned counsel, and hereby responds to and answers the Amended Complaint for Violating the Fair Labor Standards Act as follows:

## FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## SECOND DEFENSE

To the extent that Plaintiff has failed to mitigate her damages, she is barred from recovery.  This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## THIRD DEFENSE

To the extent that some or all of Plaintiff's claims are barred by the applicable statute of limitations, those claims must be dismissed.  This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## FOURTH DEFENSE

To the extent that some or all of Plaintiff's claims are barred by her failure to satisfy the jurisdictional prerequisites or conditions precedent to asserting such claims, those claims must be dismissed.  This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## FIFTH DEFENSE

To the extent that this Court lacks subject matter jurisdiction over some or all of Plaintiff's claims, those claims must be dismissed.  This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## SIXTH DEFENSE

To the extent that some or all of the Plaintiff's claims are barred by the doctrines of judicial or equitable estoppel, those claims must be dismissed.  This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## SEVENTH DEFENSE

Plaintiff is estopped from asserting her claims because of her own misconduct and unclean hands.  This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## EIGHTH DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.  This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## NINTH DEFENSE

Defendant SGT invokes the defenses, protections, and limitations of the Fair Labor Standards Act ("FLSA").  This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

**TENTH DEFENSE**

Plaintiff's claims for minimum wage payments, overtime payments, and declaratory judgment are barred to the extent that Plaintiff was not an "employee" under the FLSA.  This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

**ELEVENTH DEFENSE**

Plaintiff' claims for minimum wage payments, overtime payments, and declaratory judgment are barred to the extent that Defendant SGT is not currently, and was not during any relevant time, an "employer" under the FLSA, with regard to Plaintiff.  This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

**TWELFTH DEFENSE**

Defendant SGT did not act knowingly, intentionally, recklessly, or with malice to deprive Plaintiff of any federally protected rights.  This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

**THIRTEENTH DEFENSE**

At all times, Defendant SGT acted in good faith and had reasonable grounds for believing its actions with regard to Plaintiff were in compliance with the FLSA.

This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## FOURTEENTH DEFENSE

To the extent that Plaintiff seeks recovery for time which is not compensable, i.e. not "hours worked" under the FLSA, her claims are barred. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by 29 U.S.C. § 259(a) in that Defendant SGT's actions taken in connection with Plaintiff's compensation were taken in good faith and in conformity with and in reliance on administrative practices or enforcement policies of the administrator or of employees of the Wage and Hour Division of the United States Department of Labor. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## SIXTEENTH DEFENSE

To the extent that Plaintiff seeks damages that are not recoverable under the FLSA, Plaintiff is barred from such recovery. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

**SEVENTEENTH DEFENSE**

To the extent that Plaintiff seeks to recover for time which is *de minimis* work time which is not recoverable under the FLSA, Plaintiff is barred from such recovery.  This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

**EIGHTEENTH DEFENSE**

Plaintiff's claims are barred as to all hours during which Plaintiff was engaged in activities that were preliminary or postliminary to Plaintiff's principal activities.  This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

**NINETEENTH DEFENSE**

Plaintiff has not alleged sufficient facts to justify a collective action and Plaintiff is not similarly situated to potential opt-in plaintiffs.  This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

**TWENTIETH DEFENSE**

Plaintiff has not defined potential opt-in plaintiffs clearly and objectively, and Plaintiff cannot adequately represent the interests of the potential opt-in

plaintiffs.  This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## TWENTY-FIRST DEFENSE

Plaintiff's attempt to pursue this case as a collective action fails because Plaintiff's claims, the claims of each potential opt-in plaintiff, and each of Defendant SGT's defenses, require an independent and individualized analysis.

## TWENTY-SECOND DEFENSE

To the extent that discovery reveals that Plaintiff falsely reported, or failed to report, her hours worked to Defendant SGT, and there is: no evidence that Defendant SGT required false reporting of hours; no evidence that Defendant SGT encouraged Plaintiff to falsely report, or not to report, her hours; and no evidence that Defendant SGT knew or should have known that Plaintiff was providing false information as to her hours worked, Plaintiff is estopped from claiming more hours worked than those submitted to Defendant SGT.  This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## TWENTY-THIRD DEFENSE

Current and former entertainers who performed services at Defendant SGT are not similarly situated for purposes of the FLSA.

## TWENTY-FOURTH DEFENSE

Plaintiff is an independent contractor as that term is defined by federal courts applying the FLSA.  This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## TWENTY-FIFTH DEFENSE

If Plaintiff is determined to be an employee and not an independent contractor, then Defendant SGT is entitled to set-offs toward any obligations under the FLSA for payments made to Plaintiff.  This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## TWENTY-SIXTH DEFENSE

Plaintiff cannot establish that any act or omission on the part of Defendant SGT was willful under the FLSA.  This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## TWENTY-SEVENTH DEFENSE

Because Plaintiff's Amended Complaint is phrased in conclusory terms, Defendant SGT cannot fully anticipate all defenses that may be applicable to this action.  Defendant SGT reserves the right to assert further defenses as they become evident through discovery or investigation.

## TWENTY-EIGHTH DEFENSE

Answering the individually numbered paragraphs of the Amended Complaint, Defendant SGT responds as follows:

## INTRODUCTION

### 1.

Defendants SGT admits only that it operates an adult entertainment club in Fulton County commonly known as "Pleasers." Defendant SGT denies all other allegations contained in paragraph 1 of the Amended Complaint.

### 2.

Defendant SGT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Amended Complaint and therefore denies them.

### 3.

Defendant SGT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Amended Complaint and therefore denies them.

### 4.

Defendant SGT denies the allegations contained in paragraph 4 of the Amended Complaint.

**5.**

Defendant SGT denies the allegations contained in paragraph 5 of the Amended Complaint.

## PARTIES AND SERVICE

**6.**

Defendant SGT is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff is a resident within the Northern District of Georgia and therefore denies it.  Defendant SGT denies the remaining allegations contained in paragraph 6 of the Amended Complaint.

**7.**

Defendant SGT admits the allegations contained in paragraph 7 of the Amended Complaint.

**8.**

Defendant SGT denies the allegations contained in paragraph 8 of the Amended Complaint.

**9.**

Defendant SGT denies the allegations contained in paragraph 9 of the Amended Complaint.  Paul Hicks died in October 2008.

## JURISDICTION AND VENUE

### 10.

Defendant SGT admits the allegations contained in paragraph 10 of the Amended Complaint.

### 11.

Defendant SGT admits only that venue is proper in the Northern District of Georgia.  Defendant SGT denies the remaining allegations contained in paragraph 11 of the Amended Complaint.

## FACTUAL ALLEGATIONS

### 12.

Defendant SGT denies the allegations contained in paragraph 12 of the Amended Complaint.

### 13.

Defendant SGT denies the allegations contained in paragraph 13 of the Amended Complaint.

### 14.

Defendant SGT denies the allegations contained in paragraph 14 of the Amended Complaint.

**15.**

Defendant SGT denies the allegations contained in paragraph 15 of the Amended Complaint.

**16.**

Defendant SGT denies the allegations contained in paragraph 16 of the Amended Complaint.

**17.**

Defendant SGT denies the allegations contained in paragraph 17 of the Amended Complaint.

**18.**

Defendant SGT denies the allegations contained in paragraph 18 of the Amended Complaint.

**19.**

Defendant SGT denies the allegations contained in paragraph 19 of the Amended Complaint.

**20.**

Defendant SGT denies the allegations contained in paragraph 20 of the Amended Complaint.

**21.**

Defendant SGT denies the allegations contained in paragraph 21 of the Amended Complaint.

**22.**

Defendant SGT denies the allegations contained in paragraph 22 of the Amended Complaint.

**23.**

Defendant SGT denies the allegations contained in paragraph 23 of the Amended Complaint.

**24.**

Defendant SGT denies the allegations contained in paragraph 24 of the Amended Complaint.

**25.**

Defendant SGT admits only that it did not pay Plaintiff an hourly wage. Defendant SGT denies the remaining allegations contained in paragraph 25 of the Amended Complaint.

**26.**

Defendant SGT denies the allegations contained in paragraph 26 of the Amended Complaint.

**27.**

Defendant SGT admits only that Plaintiff was not paid one-and-one half times her regular rate of pay for any hours worked over forty in a given workweek. Defendant SGT denies the remaining allegations contained in paragraph 27 of the Amended Complaint.

**28.**

Defendant SGT denies the allegations contained in paragraph 27 of the Amended Complaint.

**29.**

Defendant SGT denies the allegations contained in paragraph 29 of the Amended Complaint.

**30.**

Defendant SGT denies the allegations contained in paragraph 30 of the Amended Complaint.

## COUNT I

## DECLARATORY JUDGMENT

**31.**

Defendant SGT incorporates by reference its responses to paragraphs 1 through 30 of the Amended Complaint as though set forth herein in full.

**32.**

Defendant SGT admits only that this purports to be an action for Declaratory Judgment.  Defendant SGT denies any liability thereunder and denies the remaining allegations contained in paragraph 32 of the Amended Complaint.

**33.**

Defendant SGT admits the allegations contained in paragraph 33 only as to the named Plaintiff and denies the remaining allegations contained in paragraph 33 of the Amended Complaint.

**34.**

Defendant SGT admits only that this purports to be an action for Declaratory Judgment only as to the named Plaintiff and denies the remaining allegations contained in paragraph 34 of the Amended Complaint.

## <u>COUNT II</u>

## <u>OVERTIME CLAIMS (Violation of 29 USC § 207)</u>

**35.**

Defendant SGT incorporates by reference its responses to paragraphs 1 through 34 of the Amended Complaint as though set forth herein in full.

**36.**

Defendant SGT denies the allegations contained in paragraph 36 of the Amended Complaint.

**37.**

Defendant SGT denies the allegations contained in paragraph 37 of the Amended Complaint.

**38.**

Defendant SGT denies the contained in paragraph 38 of the Amended Complaint.

**39.**

Defendant SGT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Amended Complaint and therefore denies them.

**40.**

Defendant SGT denies the allegations contained in paragraph 40 of the Amended Complaint.

**41.**

Defendant SGT denies the allegations contained in paragraph 41 of the Amended Complaint.

**42.**

Defendant SGT denies the allegations contained in paragraph 42 of the Amended Complaint.

**43.**

Defendant SGT denies the allegations contained in paragraph 43 of the Amended Complaint.

**44.**

Defendant SGT denies the allegations contained in paragraph 44 of the Amended Complaint.

## COUNT III

## MINIMUM WAGE CLAIM (Claims for Violation of 29 USC § 206)

**45.**

Defendant SGT incorporates by reference its responses to paragraphs 1 through 44 of the Amended Complaint as though set forth herein in full.

**46.**

Defendant SGT denies the allegations contained in paragraph 46 of the Amended Complaint.

**47.**

Defendant SGT denies the allegations contained in paragraph 47 of the Amended Complaint.

**48.**

Defendant SGT denies the allegations contained in paragraph 48 of the Amended Complaint.

**49.**

Defendant SGT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Amended Complaint and therefore denies them.

**50.**

Defendant SGT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Amended Complaint and therefore denies them.

**51.**

Defendant SGT denies the allegations contained in paragraph 51 of the Amended Complaint.

**52.**

Defendant SGT denies the allegations contained in paragraph 52 of the Amended Complaint.

**53.**

Defendant SGT denies the allegations contained in paragraph 53 of the Amended Complaint.

**54.**

Defendant SGT denies the allegations contained in paragraph 54 of the Amended Complaint.

**55.**

Defendant SGT denies the allegations contained in paragraph 55 of the Amended Complaint.

## **DEMAND FOR JURY TRIAL**

**56.**

Defendant SGT admits that the Amended Complaint seeks a trial by jury. Defendant SGT denies the remaining allegations contained in paragraph 56 of the Amended Complaint.

**57.**

Defendant SGT denies that Plaintiff or anyone similarly situated is entitled to any of the relief set forth in subparagraphs "a" through "g" following the "WHEREFORE" clause of the Amended Complaint.

**58.**

Defendant SGT denies each and every allegation of each and every paragraph of the Amended Complaint not specifically admitted herein.

WHEREFORE, having answered the Amended Complaint, Defendant SGT requests that judgment be entered in its favor and all costs including attorney's fees be awarded to it.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned counsel for Defendant SGT certifies that this document has been prepared in Times New Roman, 14-point font, which is one of the fonts and point selections approved by the Court in Local Rule 5.1(B).

Respectfully submitted this 10th day of February, 2014.

/s/ Frederick L. Warren

Frederick L. Warren
Ga. Bar No. 738350
Telephone:  404-888-3828
Facsimile:   404-832-8735
rwarren@fordharrison.com
Bennet D. Alsher
Ga. Bar No. 013682
balsher@fordharrison.com
Telephone:  404-888-3852
Facsimile:   404-832-8702

FORD & HARRISON LLP
271 17th Street, NW
Suite 1900
Atlanta, GA  30363

Attorneys for Defendant
SGT, Inc. d/b/a Pleasers

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**CHANDRA COOK on behalf of all
others similarly situated,**

        **Plaintiff,**

    **v.**

**S.G.T., INC. d/b/a PLEASERS;
DARIUS MITCHELL and PAUL
HICKS,**

        **Defendants.**

**CIVIL ACTION NO.:
1:13-cv-3518-RWS**

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on February 10, 2014, he electronically filed the foregoing **DEFENDANT SGT, Inc.'s ANSWER AND DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT**, with the Clerk of Court using the CM/ECF System which will automatically send e-mail notification of such filing to the attorneys of record:

Harlan Stuart Miller, III
Parks Chesin &Walbert, P.C.
75 Fourteenth Street, N.E.
26th Floor
Atlanta, GA  30309

Stephen Minsk
Minsk & Associates, LLC
1451 Biltmore Drive, NE
Atlanta, GA  30329

/s/ Frederick L. Warren

Frederick L. Warren
Ga. Bar No. 738350
rwarren@fordharrison.com
Telephone:  404-888-3828
Facsimile:   404-832-8735

FORD & HARRISON LLP
271 17th Street, NW
Suite 1900
Atlanta, GA  30363

Attorney for Defendant
SGT, Inc. d/b/a Pleasers

WSACTIVELLP:6634601.1