IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHANDRA COOK on behalf of herself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>S.G.T., INC. d/b/a PLEASERS; DARIUS MITCHELL and PAUL HICKS,<br><br>　　　　Defendants. | CIVIL ACTION NO.:<br>1:13-cv-3518-RWS |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR: (1) CONDITIONAL CERTIFICATION; (2) ORDER REQUIRING DEFENDANT TO PROVIDE CONTACT INFORMATION; AND (3) APPROVAL OF JUDICIAL NOTICE

Defendant S.G.T., Inc. d/b/a Pleasers ("Pleasers" or "Defendant") submits the following response in opposition to Plaintiff Chandra Cook's ("Cook"), on behalf of herself and all others similarly situated (collectively, "Plaintiffs"), Motion for Conditional Certification; Order Requiring Defendant to Provide Contact Information; and Approval of Judicial Notice (the "Motion").

I.　**INTRODUCTION**

Although Defendant disputes a number of Cook's alleged facts, for purposes of this Motion only, it does not contest the following allegations: Plaintiffs and

other putative class members are current or former entertainers who have danced for customers at Pleasers; Defendant classified all entertainers performing at Pleasers as independent contractors; entertainers working at Pleasers did not receive an hourly wage; and entertainers at Pleasers were subject to certain fees. (Doc. 21, pp. 2-6).

If the Court determines that conditional certification is warranted under the circumstances, the Court must revise Cook's proposed notice.  Cook's proposed notice does not comport with the Supreme Court's requirement that such notices contain neutral language.  The Court should thus amend the language in the manner Defendant requests herein in order to meet these neutrality requirements. Further, any order issued by the Court mandating that Defendant provides Plaintiffs with the last-known contact information of putative class members should be limited to the entertainers' last-known contact information to the extent such information is within Defendant's custody or control.

## II.   ARGUMENT AND CITATION OF AUTHORITY

### A.   Legal Standard.

Before approving the language in a proposed notice, courts must "ensure that it is timely, accurate, and informative." Hoffman-La Roche v. Sperling, 493 U.S. 165, 172 (1989).  To that end, "courts must be scrupulous to respect judicial

neutrality." Id. at 174.  For the reasons set forth herein, Plaintiffs' Proposed Notice does not satisfy the Supreme Court's neutrality standard, and the Court should amend its language in order to comply with this standard.

**B.     Plaintiffs' Proposed Notice Is Not Neutral And The Scope Of The Requested Order Is Overbroad.**

1.     <u>Plaintiffs' Proposed Notice should be modified to comply with the Supreme Court's neutrality requirements.</u>

If the Court grants Plaintiffs' Motion, it should nevertheless strike or otherwise modify certain language from Plaintiffs' Proposed Notice. (Doc. 21-3). As currently written, the Proposed Notice does not meet the neutrality standard set forth in <u>Hoffman-La Roche</u>, <u>supra</u>.  Consequently, it should be amended in the manner requested by Defendant.

In the section entitled "No Retaliation Permitted," Plaintiffs' Proposed Notice states:

> You have an absolute right to join this lawsuit free from any fear that Defendants will retaliate against you in any way.
>
> The law prohibits retaliation against employees for exercising their rights under the FLSA.  Although the issue of whether or not you are an employee or independent contractor has yet to be decided, Defendants are prohibited from discharging you or retaliating against you in any manner because you choose to participate in this action.  If you believe you are being retaliated against, or if anyone acting on Defendants' behalf

3

> threatens to retaliate against you at any time, you make [*sic*] seek legal counsel and ask for immediate relief in this Court. If your retaliation claims are successful, Defendants will be liable to you for damages caused by their retaliation.

(Doc. 21-3, pp. 2). When faced with a similarly worded anti-retaliation provision to the one that Plaintiffs propose, a district court recently struck the proposed language because it "crosse[d] the line from informative to an inappropriate solicitation." Palma v. Metropcs Wireless, Inc., No. 8:13-cv-698, 2014 U.S. Dist. LEXIS 7787, at *5-6 (M.D. Fla. Jan. 22, 2014).[1] The court amended the biased anti-retaliation provision to reflect more neutral language, which this Court should adopt here:

> Federal law prohibits Defendant from firing you or in any way discriminating against you because you have joined the lawsuit. Therefore, Defendant is prohibited from discharging you or retaliating against you in any other manner because you choose to participate in this lawsuit. Participating in this lawsuit does not excuse current [entertainers] from complying with Defendant's existing policies and work rules.

---

[1] The offending language stated, "The law prohibits anyone from discriminating or retaliating against you for taking part in this case. If you believe that you have been penalized, disciplined, punished, threatened, intimidated, or discriminated against in any way as a result of your receiving this notification, your considering whether to complete and submit the Notice of Consent, or your having submitted the Notice of Consent, you may contact [Law Firm] at the number provided above."

Id. at *6.

Another portion of the proposed notice that is inappropriately biased can be found in the Consent Form, which states: "I may be owed by my current/former employers [*sic*], S.G.T., Inc., d/b/a Pleasers . . ." (Doc. 21-3, p. 4). The Court should strike the language after "owed" because it improperly identifies Pleasers as a current or former employer, which constitutes an unsettled legal conclusion that Defendant strongly contests. Otherwise, keeping this language could create the perception that the Court views Pleasers as an employer, which violates the neutrality standard set forth in Hoffman-La Roche, supra.

Lastly, the notice is improper because it does not adequately explain to potential opt-in plaintiffs what happens if they choose to opt into the case. See White v. KCPAR, Inc., No. 6:05-cv-1317, 2006 U.S. Dist. LEXIS 100966, at *9 (M.D. Fla. June 2, 2006)("Plaintiff's proposed 'notification' letter to be sent to all similarly situated employees is defective because it fails to fully inform recipients about the consequences of 'opting-in.'")(alterations from original). Therefore, Plaintiffs' Proposed Notice should be amended to include language explaining the consequences of joining the lawsuit. See, e.g., Belcher v. Shoney's, Inc., 927 F. Supp. 249, 253-55 (M.D. Tenn. 1996)(adding language that opt-ins would have to participate in discovery); Gjurovich v. Emmanuel's Marketplace, Inc., 282 F.

Supp. 2d 101, 104 (S.D.N.Y. 2003)(including language that opt-ins would be responsible for costs and counterclaims); Garcia v. Elite Labor Serv., Ltd., No. 95 C 2341, 1996 U.S. Dist. LEXIS 9824, at *12 (N.D. Ill. July 11, 1996)(adding language, "If you do not prevail on your claim, court costs and expenses may possibly be assessed against you."), adopted 1996 U.S. Dist. LEXIS 14405 (N.D. Ill. Sept. 25, 1996).

    2.    <u>The scope of the Order requiring Defendant to provide contact information should be limited.</u>

As for Plaintiffs' request that the Court order Defendant to provide a list of current and former entertainers' last-known contact information for purposes of disseminating notice of the present action, Defendant asks that this Order be restricted to the current and former entertainers' last-known contact information that Defendant has in its custody or control.  Because Defendant maintains that all entertainers who performed at Pleasers are independent contractors, it does not have such detailed records for current and former entertainers who performed there.  For current entertainers, Pleasers has their names and dates of birth if this information is contained on their permits.  Pleasers does not have addresses, telephone numbers, social security numbers, or dates of work for current entertainers.  For former entertainers, Pleasers has even less information.

## III. CONCLUSION

For the foregoing reasons, Defendant requests that the Court amend Plaintiffs' Proposed Notice to remove language that does not meet the neutrality standard required of judicial notices. Defendant further requests that the Court limit its Order regarding providing the last-known contact information of current and former entertainers to only such information that Defendant has in its custody and control.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned counsel for Defendant certifies that this document has been prepared in Times New Roman, 14-point font, which is one of the fonts and point selections approved by the Court in Local Rule 5.1(B).

Respectfully submitted this 24th day of March, 2014.

FORD & HARRISON LLP
271 17th Street, NW
Suite 1900
Atlanta, GA  30363
Telephone: (404) 888-3828
Facsimile:  (404) 832-8735

*/s/ Frederick L. Warren*
Frederick L. Warren
GA Bar No. 738350
rwarren@fordharrison.com

Attorney for Defendant SGT, INC. d/b/a PLEASERS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHANDRA COOK on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>S.G.T., INC. d/b/a PLEASERS; DARIUS MITCHELL and PAUL HICKS,<br><br>      Defendants. | CIVIL ACTION NO.:<br>1:13-cv-3518-RWS |

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on March 24, 2014, he electronically filed the foregoing **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR: (1) CONDITIONAL CERTIFICATION; (2) ORDER REQUIRING DEFENDANT TO PROVIDE CONTACT INFORMATION; AND (3) APPROVAL OF JUDICIAL NOTICE** with the Clerk of Court using the CM/ECF System, which will automatically send e-mail notification of such filing to the attorneys of record:

Stephen L. Minsk, Esq.  
Minsk & Associates LLC  
1451 Biltmore Drive N.E.  
Atlanta, Georgia 30329  

Harlan S. Miller, Esq.  
Parks Chesin Walbert  
75 14th Street, Suite 2600  
Atlanta, Georgia 30309  

8

*/s/ Frederick L. Warren*
Frederick L. Warren
GA Bar No. 738350
rwarren@fordharrison.com

FORD & HARRISON LLP
271 17th Street, NW
Suite 1900
Atlanta, GA  30363
Telephone: (404) 888-3828
Facsimile:  (404) 832-8735

Attorney for Defendant SGT, INC. d/b/a PLEASERS

WSACTIVELLP:6670685.1

9