IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHANDRA COOK, on behalf of herself and all others similarly situated, | : : : : : |
| Plaintiffs, | : : CIVIL ACTION NO. : 1:13-CV-3518-RWS |
| v. | : : |
| DARIUS MITCHELL, *et al.* | : : |
| Defendants. | : : |

### ORDER

This case is before the Court for consideration of Plaintiffs' Motion for: Conditional Certification; Order Requiring Defendant to Provide Contact Information; and Approval of Judicial Notice [21]. After considering the entire record, the Court enters the following Order.

### Background

Plaintiffs are employed as exotic dancers at the nightclub known as "Pleasers" which is owned by Defendant S.G.T., Inc. ("S.G.T."). On October 24, 2013, Plaintiffs filed a putative collective action against their employer for violating the Fair Labor Standards Act ("FLSA"). The alleged violations of the

FLSA include improperly classifying the Plaintiffs as independent contractors instead of employees and failing to pay minimum wage and overtime.

## Discussion

I. Motion for Additional Class Certification [21]

The FLSA authorizes collective actions, stating:

> An action ... may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed with the court in which such action is brought.

29 U.S.C. § 216(b). This Court, in its discretion, may authorize the sending of notice to potential class members in a collective action. Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 169-170, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989); Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1219 (11th Cir. 2001); Haynes v. Singer Co., 696 F.2d 884, 886-87 (11th Cir. 1983).

The Eleventh Circuit suggests a two-tiered approach to class certification in FLSA cases. "The first determination is made at the so-called 'notice stage.' At the notice stage, the district court makes a decision – usually based only on the pleadings and any affidavits which have been submitted – whether notice of the action should be given to potential class members." Hipp, 252 F. 3d at

1218. "The second determination is typically precipitated by a motion for 'decertification' by the defendant usually filed after discovery is largely complete and the matter is ready for trial." Id. This case is before the Court for the "first determination" of class certification. At this stage, the "determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." Id. "[P]laintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members." Id. (quoting Grayson v. K-Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996)). Before granting conditional certification, the court should determine: (1) whether employees sought to be included in the putative class are similarly situated with respect to their job requirements and pay provisions; and (2) whether there are other employees who wish to opt-in to the action. Dybach v. State of Fla. Dept. of Corrections, 942 F.2d 1562, 1567-68 (11th Cir. 1991).

A. Similarity of employment positions of putative class members.

Plaintiffs bear the burden of establishing that they are similarly situated with the group of employees they wish to represent. Grayson, 39 F.3d at 1096. The burden on Plaintiffs, however, is not a heavy one. As noted above, the standard is fairly lenient and Plaintiffs are not required to prove that they and

the putative class members held identical positions, but only similar positions. See Hipp, 252 F.3d at 1217; Grayson, 79 F.3d at 1095-96 (holding that "the 'similarly situated' requirement of § 216(b) is more elastic and less stringent than the requirements" for joinder and severance).

In this case it appears that Plaintiffs and putative class members held identical positions at Pleasers, and Defendants do not seriously contest that issue in their Response in Opposition [26]. In their Response, Defendants state that they strongly contest the question of whether Plaintiffs were employees, *but do not seriously challenge the granting of conditional class cert* (Defs.' Resp. [26] at 5).

The Court does not evaluate the merits of the claim at this point, but only determines whether Plaintiffs have shown they are similarly situated to the putative class members. Lugo v. Farmer's Pride, Inc., No. 07-CV-00749, 2008 WL 638237, at *3 (E.D. Pa. Mar. 7, 2008). The appropriate time to address issues of individual differences between putative class members is after the completion of discovery and during the second stage of the certification determination. Scott, 2006 WL 1209813, at *3 (citing Kreher v. City of Atlanta, No. 1:04-CV-2651-WSD, 2006 WL 739572, at *4 n. 8 & 9 (N.D. Ga. Mar. 20, 2006) (issues of individualized nature of employees' claims, although

potentially meritorious, should be considered during second stage of analysis); Clarke v. Convergys Customer Mgmt. Group, Inc., 370 F.Supp.2d 601, 607 (S.D.Tex.2005) (individualized factual issues should be considered during second-stage analysis, not initial "notice" stage).

In applying the lenient standard appropriate at the notice stage, the Court is satisfied that Plaintiffs are similarly situated to other dancers at Pleasers.

B. Sufficiency of interest by other employees in the lawsuit.

While Plaintiffs have demonstrated that they are sufficiently situated to the putative class members under the lenient standard appropriate at the notice stage, they must also demonstrate that other employees wish to opt-in to the action before this Court may grant conditional certification. Dybach, 942 F.2d at 1567-68. Since the filing of Plaintiffs' Motion for Conditional Class Certification, numerous other individuals have filed consent forms to opt-in to this action. (See Notices of Consent Filing, Dkt. Nos. [8, 9, 10, 11, 12, 13, 14, 15, 18, and 20]).

The Court is satisfied that Plaintiffs have demonstrated the necessary showing at this notice stage that they are similarly situated to other dancers at Pleasers and that other dancers wish to opt-in to the action. See Dybach, 942 F.2d at 1567-68. The Court is cognizant that certification of collective

actions in an FLSA case is based on a theory of judicial economy by which "[t]he judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . activity." Barten v. KTK & Assocs., Inc., No. 8:06-CV-1574-T-27EAJ, 2007 WL 2176203, at *1 (M.D. Fla. July 26, 2007) (quoting Hoffman-LaRoche, Inc., 493 U.S. at 170). The Court believes that efficiencies can be realized by trying this case as a collective action, even if a final determination on the merits requires some factual determinations individual to each opt-in plaintiff. Should Defendant move for decertification following discovery, the Court will revisit the determinations made in this Order. At this stage, the Court will permit the Plaintiffs to send notice of opt-in rights to potential members of the class. Plaintiffs' Motion for Conditional Class Certification [21] is **GRANTED**. The class shall be defined as follows:

[1] The Court tolled the statute of limitations for potential opt-in plaintiffs in its Order dated September 2, 2009 [32].

> All current and former dancer-entertainers who have worked at S.G.T., Inc., d/b/a Pleasers at any time from October 25, 2010 to the present.

## II. Motion for Approval of Judicial Notice

Plaintiffs submitted a Notice of Lawsuit With Opportunity to Join [21-3]

with their Motion for Conditional Class Certification [21]. Defendants outlined several objections to the Notice in their Response [26]. First, Defendants object to the section titled "No Retaliation Permitted." Defendants assert that the provision crosses the line from being informative to being an inappropriate solicitation. The Court notes that it has approved similar language in another case when there was evidence that actual retaliation had taken place. In the absence of such evidence in this case, the Court finds that more neutral language is appropriate and will adopt the language proposed by Defendants.

Defendants object to the reference in the Consent Form to S.G.T., Inc., d/b/a/ Pleasers as the employer of the putative class members signing the Consent Form. Because that language accurately reflects the position of the individuals signing the Consent Form, the Court finds that the use of the language is appropriate. Therefore, the objection of Defendants is overruled.

Finally, Defendants object that the Notice does not adequately explain to potential opt-in Plaintiffs what happens if they choose to opt into the case. The Court finds that the information provided in the Notice is adequate to meet this requirement. Therefore, Defendants' objection is overruled.

III. Motion for Order Requiring Defendant to Provide Contact Information.

Plaintiffs have requested that the Court order Defendants to provide requested information for persons who performed at Pleasers as dancers/entertainers during the three (3) years prior to the filing of this action. In their Response, Defendants do not object to providing information but request that the Order be restricted to the last-known contact information that Defendants have in their custody or control. The Court finds that Defendants' request is reasonable and will so order.

IV. Conclusion.

Based on the foregoing, Plaintiffs' Motion for Conditional Class Certification is hereby **GRANTED** and notice may be sent to potential opt-in plaintiffs in the form approved herein. Defendants are herein **ORDERED** to provide Plaintiffs with the requested information set out in their Motion which Defendants have in their custody or control. The conditionally certified class shall be defined as follows:

> All current and former dancers - entertainers who have worked as S.G.T., Inc., d/b/a/ Pleasers at any time from October 25, 2010 to the present.

**SO ORDERED**, this 18th day of June, 2014.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

## NOTICE OF LAWSUIT WITH OPPORTUNITY TO JOIN

TO: ALL CURRENT AND FORMER DANCERS-ENTERTAINERS WHO HAVE WORKED AT S.G.T, Inc., d/b/a PLEASERS AT ANY TIME FROM OCTOBER 25, 2010 TO [THE MAILING DATE]..

RE: FAIR LABOR STANDARDS ACT MINIMUM WAGE AND OVERTIME LAWSUIT FILEDAGAINST S.G.T. Inc., d/b/a "PLEASERS".

### INTRODUCTION
The purpose of this Notice is to: (1) inform you that a collective action lawsuit exists that you might join; (2) advise you how your rights may be affected by this lawsuit; and (3) instruct you on the procedure for participating in this lawsuit, if you choose to do so.

### DESCRIPTION OF THE ACTION
On October 24, 2013, a lawsuit was filed against S.G.T. Inc., d/b/a Pleasers (collectively referred to as "Defendants") on behalf of the named Plaintiffs and all other similarly situated individuals who worked as entertainers during the past three years.

Plaintiffs allege that these individuals are owed overtime pay and/or minimum wages under the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Plaintiffs further allege that, as part of these individuals' minimum wage damages, they are entitled to receive back any amounts they were required to pay to Defendants as "bar fees", "house fees" and other fees or fines.

Defendants deny that they have violated the FLSA, or that any overtime pay or minimum wages are owed, and are defending against all claims that have been asserted against them. Specifically, Defendants contend that the entertainers are properly classified as independent contractors, and further deny that they are liable to Plaintiffs for overtime pay and/or minimum wage and other damages sought in the Complaint.

The Court has taken no position in this case regarding the merits of Plaintiffs' claims or the Defendants' defenses. As such, this notice does not mean you have a valid claim or are entitled to any monetary recovery. Any such determination must still be made by the Court.

### YOUR RIGHT TO PARTICIPATE IN THIS ACTION
You may join in this lawsuit if: (a) you worked as an entertainer at Pleasers at any time between October 25, 2010, to [the mailing date], and (b) you were treated as an independent contractor by Defendants. It is entirely your decision whether to join this lawsuit. You are not required to take any action unless you desire to join.

*If you fit the definition above and you choose to join this lawsuit, you must mail, or fax, or email the attached 2-Page Consent Form to Plaintiffs' attorneys:*

STEPHEN L. MINSK, ESQ.
MINSK & ASSOCIATES, LLC
P.O. BOX 720023
ATLANTA, GA., 30328
(770) 861-7201
(404) 343-0924 (FAX)
stephenminsk@minsklaw.com

***The Consent Form must be received by Minsk & Associates, LLC, by mail, fax, or email, on or before (60 days after mailing) for you to participate in this case.***

### EFFECT OF JOINING OR NOT JOINING THIS ACTION

If you join this action, you will be bound by any ruling, judgment, award, or settlement, whether favorable or unfavorable. While this lawsuit is proceeding, you may be required to provide information and documents, or otherwise participate in this action.

If you file a Consent Form, your continued right to participate in this action will depend upon a later decision by the Court that you and the named Plaintiffs are "similarly situated" in accordance with applicable laws and that it is appropriate for this case to proceed as a collective action.

If you choose not to join this action, you will not be bound by any ruling, judgment, or settlement entered in this case, favorable or unfavorable. If you choose not to join this lawsuit, you may file a separate lawsuit on your own or choose to take no action at all.

### STATUTE OF LIMITATIONS

The FLSA has a two to three year statute of limitations, depending upon later decisions by the Court. If you choose to join this action, you may be able to recover damages only for hours worked within two or possibly three years of the date your Consent Form is filed. If you choose not to join in this action or file your own action, some or all of your potential claims may later be barred by the applicable statute of limitations.

### NO RETALIATION PERMITTED

Federal law prohibits Defendant from firing you or in any way discriminating against you because you have joined the lawsuit. Therefore, Defendant is prohibited from discharging you or retaliating against you in any other manner because you choose to participate in this lawsuit. Participating in this lawsuit does not excuse current [entertainers] from complying with Defendant's existing policies and work rules.

## LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this case by filing a Consent Form, your interests will be represented by:

HARLAN S. MILLER, ESQ.
PARKS, CHESIN & WALBERT, P.C.
75 FOURTEENTH STREET
SUITE 2600
ATLANTA, GA. 30309
(404) 873-8000
(404) 873-8050 (FAX)
hmiller@pcwlawfirm.com


STEPHEN L. MINSK, ESQ.
MINSK & ASSOCIATES, LLC
P.O. BOX 720023
ATLANTA, GA., 30328
(770) 861-7201
(404) 343-0924 (FAX)
stephenminsk@minsklaw.com


Plaintiffs' Counsel have taken this case on a contingency basis. They may be entitled to receive attorneys' fees and costs from Defendants should there be a recovery or judgment in Plaintiffs' favor. If there is a recovery, Plaintiffs' Counsel will receive a part of any settlement obtained or money judgment entered in favor of all members of the class. If there is no recovery or judgment in Plaintiffs' favor, Plaintiffs' Counsel will not seek any attorneys' fees or costs from any of the Plaintiffs. The specific terms and conditions will be contained in a fee agreement separately entered into by Plaintiffs' Counsel and you if you decide to participate in this case. Note that you have a right to consult with or retain other counsel.

## FURTHER INFORMATION

Further information about this lawsuit or this notice can be obtained by contacting Plaintiffs' counsel at the address or number provided above.

THIS NOTICE AND ITS CONTENT HAVE BEEN AUTHORIZED BY THE U.S. DISTRICT COURT, NORTHERN DISTRICT OF GEORGIA, HONORABLE JUDGE RICHARD W. STORY.

## **CONSENT FORM, P.1**

1. I hereby consent to join the lawsuit brought under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., to recover compensation I may be owed by my current/former employers, S.G.T., Inc. d/b/a Pleasers, Civil Action File No. 1:13-cv-3518.

2. During the past three years, I worked as an entertainer at Pleasers, located in Atlanta. I did not receive an hourly wage, and I was required to pay a house fee and various other fines and fees when I worked.

3. I hereby designate the law firms of Parks, Chesin & Walbert, P.C., and Minsk & Associates LLC to represent me in this action.

4. If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims against S.G.T. d/b/a Pleasers, I, Inc., and any other responsible individuals.

Date: _____

_____
Signature

_____
Print Name

# **CONSENT FORM-2**

## **PLEASE PRINT OR TYPE THE FOLLOWING INFORMATION:**

Name:
_____
(First)
(Middle)
(Last)

Street Address:_____

City, State, Zip:_____

Home:_____ Work:_____ Cell:_____

Email:_____ Secondary Email:_____

Social Security Number:_____ (or) Date of Birth:_____

Emergency Contact
_____

(In case we lose contact with you)

FAX, MAILOR EMAIL TO: Minsk & Associates, LLC. P.O. BOX 720023, Atlanta, Ga., 30328, 404-343-0924 (fax); stephenminsk@minsklaw.com